UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CYRIL VINCENT BARONE,

      Plaintiff,

v.                                CASE NO. 3:22-cv-1125-JBT

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## MEMORANDUM ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his applications for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. In a decision dated February 15, 2022, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability within the meaning of the Social Security Act from December 2, 2019, the amended alleged disability onset date, through the decision date. (Tr. 10–22.) Having considered the parties' memoranda and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

### I.    Issue on Appeal

Plaintiff makes one argument on appeal:

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 10 & 12.)

> The ALJ erred by failing to account for the "total limiting effects" of Plaintiff's impairments.

(Doc. 17 at 1, 3.)

## II.    Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III.    Analysis

Plaintiff argues that because the ALJ discounted his statements about his condition, the ALJ's finding that he was not disabled is based on "missing or understated 'nonexertional' limitations." (Doc. 17 at 4.) As a result, the ALJ failed to fully recognize or appreciate the "total limiting effects" of Plaintiff's impairments. (*Id.* at 6.)

"If the ALJ decides not to credit a claimant's testimony about her symptoms, the ALJ 'must articulate explicit and adequate reasons for doing so.'" *McMahon v. Comm'r of Soc. Sec.*, 583 F. App'x 886, 893 (11th Cir. 2014) (quoting *Foote v.*

*Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).[2]  "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court."  *Foote*, 67 F.3d at 1562.

"SSR 16-3p rescinded SSR 96-7p, which provided guidance on how to evaluate the credibility of a claimant's statements about subjective symptoms like pain.  The new ruling eliminated the use of the term "'credibility' . . . [and] explains that adjudicators will consider whether the 'individual's statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record.'"  *Hargress v. Comm'r of Soc. Sec.,* 883 F.3d 1302, 1308 (11th Cir. 2018) (citations omitted).

In this case, the ALJ's reasoning is supported by substantial evidence.  The ALJ reasonably concluded that Plaintiff's portrayal of his symptoms as totally disabling was unsupported by substantial objective medical evidence and the record as a whole.   The ALJ found that  Plaintiff was capable of performing sedentary work with additional limitations.  (Tr. 15.)  The ALJ outlined Plaintiff's additional limitations as follows:

> The claimant can lift and carry up to 10 pounds occasionally and less than 10 pounds frequently and can push and pull as much as he can lift and carry.  The claimant can sit for six hours during the course of an eight-hour workday and stand and/or walk for two hours during the course of an eight-hour workday.    The claimant can occasionally operate foot controls.   The

---

[2] The undersigned does not rely on unpublished opinions as binding precedent. However, they may be cited when persuasive on a particular point.  *See McNamara v. GEICO,* 30 F.4th 1055, 1060–61 (11th Cir. 2022).

> claimant must avoid extreme cold and extreme heat. The claimant's time off task can be accommodated by normal breaks. The claimant is limited to work with a sit or stand option that allows for a change of position at least every 30 minutes, which is a brief positional change lasting no more than three minutes at a time where the claimant remains at the work station during the positional change. Lastly, the claimant is limited to work that allows for a cane for ambulation.

(Tr. 15.)

Plaintiff argues that his responses in a "Function Report" and "Pain Questionnaire" document such severe symptoms in his hands that he "experiences pain and numbness," "partial loss of use in his hands bilaterally," "can rarely sleep through the night," and "his hands shake too much to be accurate or productive; his hands tingle, shake, burn and feel numb when used." (Doc. 17 at 6–7.) The ALJ summarized Plaintiff's testimony regarding the severity of his symptoms in part as follows:

> The claimant testified that he last worked in 2012. Asked why he would be unable to maintain employment, the claimant testified that he has difficulties using his hands. The claimant testified that after approximately 45 minutes of use his hands "lock up". The claimant testified that he would be unable to perform sedentary work.

> Asked to estimate, the claimant testified that he could sit for approximately two and one-half hours but would be unable to work the following day due to pain symptoms. The claimant testified that he could stand for periods up to 15 minutes before experiencing pain symptoms. The claimant testified that he could walk distances up to 10 feet before needing to rest. The claimant testified that he could lift items weighing up to 10 pounds.

(Tr. 16–17.)

The ALJ articulated adequate reasons why Plaintiff's descriptions of his symptoms were inconsistent with objective medical evidence in the record. (Tr. 16–21.) For example, the ALJ stated:

> First, the undersigned has considered the claimant's history of spina bifida and lower extremity issues. A September 21, 2020, examination documented the claimant's severe varus deformities and small, externally rotated feet. The entry also noted paresthesia in the entire hand. However, the entry also noted no arthropathy in the fingers and that the fingers retained full range of motion, with no focal tenderness. The remainder of the examination was normal.

(Tr. 17.) The ALJ noted further:

> [D]uring the August 2021 examination, the claimant was found to retain full strength in his upper extremities, shoulders, grip, hips, and knees. The claimant's muscle tone was normal, and his sensation was intact with normal joint position sensing. Cranial nerve findings were normal (Ex. 11F, page 213).
> . . .
>
> Overall, the abnormalities documented in these results are consistent with the conclusion that the claimant could perform the lifting and carrying required of sedentary exertional work.
> . . .
>
> Other results also support the conclusion that the claimant is capable of a reduced range of sedentary work. Dr. Starace reviewed a July 1, 2020, x-ray of the claimant's shoulder and concluded it revealed mild to moderate glenohumeral joint space narrowing and osteophytosis. The claimant's soft tissues and bone mineralization were normal, and there was no evidence of acute abnormality (Ex. 6F, page 4). The undersigned notes that an April 2021 examination documented the claimant's shoulder strength as normal against resistance and that the claimant retained "5/5" strength in

> his upper extremities (Ex. 10F, page 13).  A June 2021 examination also noted the claimant retained normal shoulder strength, and normal strength in his upper extremities, with normal muscle tone (Ex. 11F, page 336).  Overall, these results do not suggest the presence of additional manipulative or postural limitations.

(Tr. 18–19.)

The above reasons, and others set forth in the decision, are adequate not only to discount Plaintiff's statements, but also to support the ALJ's finding that no reaching restriction was necessary, even though the state agency, non-examining doctors opined that Plaintiff was limited to frequent right overhead reaching.[3]  (Tr. 81, 100.)  In short, the ALJ's decision is supported by substantial evidence and the Court finds no error.

### IV.    Conclusion

The Court does not make independent factual determinations, re-weigh the evidence or substitute its decision for that of the ALJ.  Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and are supported by substantial evidence.  Applying this standard of review, the Commissioner's decision is due to be affirmed.

---

[3] The ALJ was not required to address this specific opinion.  *See* 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1)  ("[W]hen a medical source provides multiple medical opinion(s) . . . we will articulate how we considered the medical opinions . . . together in a single analysis . . . .")

Accordingly, it is **ORDERED** that:

1.      The Commissioner's decision is **AFFIRMED**.

2.      The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on June 2, 2023.

JOEL B. TOOMEY
United States Magistrate Judge


Copies to:

Counsel of Record